Document Number Case Number
03-CR-0137-S
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
05/25/2005 03:02:08 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

             Plaintiff,                  MEMORANDUM and ORDER

                                             03-CR-137-S-01

   v.

CHRISTINE L. APPLEWHITE,

             Defendant.
_____

     Presently pending before the Court in the above entitled matter is a limited remand from the United States Court of Appeals for the Seventh Circuit to determine whether this Court would impose defendant's original sentence had the sentencing guidelines been merely advisory. In <u>U.S. v. Paladino</u>, 401 F. 3d 471, 484 (7th Cir. 2005), the Court advised as follows:

> Upon reaching its decision (with or without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence with an appropriate explanation," *United States v. Crosby, supra,* 397 F. 3d at 1920, or inform this Court of its desire to resentence the defendant.

     The Court has considered the views of counsel, the advisory sentencing guidelines, the purposes of sentencing and the reasons for its original sentence, determining that it would impose the same sentence.

     As justification for its original sentence the Court considered the following facts:

Beginning in April 2002 defendant devised and executed a scheme to defraud various businesses through identity theft. She became engaged in the fraud to generate credit by using the victim's social security number. She then purchased goods and services using the fraudulent credit she obtained. This offense resulted in pecuniary harm of $38,751.54. Twenty six direct victims were identified as the result of defendant's scheme to defraud.

Defendant stole the social security number of Christine Allen. Defendant's scheme to defraud substantially damaged and harmed the victim's reputation and credit record. The victim and her husband were placed in circumstances difficult if not impossible to obtain credit for required purchases and forced to suffer the anxiety, embarrassment and humiliation of informing potential creditors and employers of this identity theft.

Defendant is serving an undischarged term of imprisonment for three convictions in the 15th Judicial Circuit Court in Lee County, Illinois imposed on March 31, 2003. Only one of the three convictions is for an offense that has been fully take into account in the determination of the offense level for this offense.

Defendant is 39 years old and has had ten prior felony convictions for various "white collar" crimes. Although she suffers from bipolar disorder, she has chosen to forgo mental health treatment and prescribed medication. Defendant is a candidate for recidivism.

The Court determined defendant's base offense level to be 6 but increased it by six levels to 12 because defendant's relevant conduct resulted in a pecuniary harm of $38,741.54 which is greater than $30,000.00 but less than $70,000.00. The Court enhanced defendant's offense level two levels because the offense involved a scheme to defraud more than ten victims. Specifically 26 victims were identified as a result of the defendant's scheme to defraud. The offense level was further enhanced two levels because the offense involved unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification. Defendant stole the identity of the victim in furtherance of her scheme to defraud. This offense level of 16 was reduced three levels to 13 for defendant's acceptance of responsibility.

Based on this offense level of 13 and defendant's criminal history category of six, the advisory guideline imprisonment range is 33-41 months. The Court then granted an upward departure of two levels because of the substantial harm caused to the victim. Based on an offense level of 15 and a criminal history category of six, the advisory guideline range is 41-51 months. The Court sentenced defendant to 50 months at the higher end of the guideline range to be served consecutively to the undischarged terms of imprisonment imposed in the 15th Judicial Circuit Court of Illinois in Case Nos. 02CF257, 02CF262 and 02CF286.

The imposition of the original sentence considered those suggestions presented both then and now by counsel: the seriousness of the offenses, adequate deterrence to criminal conduct and protecting the public. Had the guidelines been advisory, this Court would have imposed the same sentence believing it to be reasonable considering the defendant's criminal conduct, and sufficient to hold defendant accountable and to protect the community from further criminality on his part.

Pursuant to 18 U.S.C. §3553 the Court may consider defendant's character and history. Defendant has a history of mental health problems. This is counterbalanced by her choice to forgo mental health treatment and prescribed medication.

Considering all these factors, a sentence near the top of the advisory guidelines served consecutively to her state sentences is reasonable and necessary for the statutory purposes of sentencing.

For the reasons stated this Court advises the United States Court of Appeals for the Seventh Circuit that it would impose the defendant's original sentence had the sentencing guidelines been merely advisory.

Entered this 25th day of May, 2005.

BY THE COURT:

/S/
_____
JOHN C. SHABAZ
District Judge